UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50135
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY KAPLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, Austin
(A-98-CR-193-ALL)
_____

December 14, 1999

Before JOLLY, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jeremy Stephen Kaplan, Appellant, appeals from the sentence imposed subsequent to his plea of guilty to one count of communicating threats by mail, in violation of 18 U.S.C. § 876, and one count of communicating threats by interstate telephone call, in violation of 18 U.S.C. § 875. Kaplan contends the district court erred by imposing an upward departure pursuant to policy statements §§ 5K2.3 and 5K2.8 of the Sentencing Guidelines, for extreme psychological injury and extreme conduct. He further asserts the district court erred by sentencing him under the 1998 Sentencing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines, as opposed to the 1995 version, as his offense was committed in the earlier year. Finally, Kaplan contends the district court erred by imposing a special condition of supervised release forbidding him from having any contact with his sister.

Upon careful review of the record and the briefs, and having considered the arguments presented by counsel, we find no abuse of discretion in the imposition of the upward departure due to the extreme psychological injury caused to Kaplan's victims and the extreme conduct involved in his offense. Further, we find that the district court did not commit plain error by sentencing Kaplan under the 1998 Sentencing Guidelines, as the sentence imposed reflects an upward departure to the statutory maximum of sixty months - the same under both sets of Guidelines. Finally, reviewing under the plain error standard as Kaplan failed to object below, we find no error in the imposition of the special condition of supervised release forbidding Kaplan from contacting his sister.

Accordingly, the sentence imposed by the district court is AFFIRMED.